UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN SMITH,

   *Plaintiff*,

  v.

ULTA SALON, COSMETICS & FRAGRANCE, INC., d/b/a/ ULTA BEAUTY,

   *Defendant*.

Civil Action No. 18-2532 (TJK)

## **MEMORANDUM OPINION**

Nathan Smith alleges that his former employer Ulta Beauty discriminated against him because of his gender and retaliated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq*. Ulta Beauty has moved to dismiss the complaint as untimely and for sanctions under 28 U.S.C. § 1927. Unfortunately for Smith, his claims are untimely, for the reasons explained below. The Court must therefore grant the motion in part and dismiss the case with prejudice. The Court will also deny the motion in part, by denying sanctions against Smith's counsel.

### I. Background

Smith alleges that while he was employed as an associate manager at one of Ulta Beauty's locations, he was discriminated against because he is a man. The company, he asserts, disciplined him—but not female employees—for the same infractions. ECF No. 10 ("Am. Compl.") ¶¶ 11–21. He further alleges that after he complained about this treatment in February 2017, Ulta Beauty retaliated against him, ultimately by firing him in June 2017. *Id.* ¶¶ 17–39.

In December 2017, Smith, represented by counsel, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).[1]  ECF No. 12-2 at 3–6.  The EEOC issued Smith a right-to-sue letter on July 30, 2018.  ECF No. 12-3 at 2.

Smith, now proceeding *pro se*, filed his complaint alleging gender discrimination and retaliation in violation of the Civil Rights Act on November 2, 2018, 95 days after the EEOC issued the right-to-sue letter.  ECF No. 1.  Ulta Beauty moved to dismiss the complaint, alleging that it was untimely because Smith filed it after the applicable 90-day statute of limitations period had passed.  ECF No. 9.  In response, Smith, now proceeding with assistance from counsel, amended his complaint to include claims for gender discrimination and retaliation in violation of the District of Columbia Human Rights Act (DCHRA).[2]  *See* Am. Compl. ¶¶ 62–78.  Ulta Beauty moved to dismiss a second time, again alleging that Smith's claims were untimely, and also moved for sanctions, arguing that Smith's repeated assertions of purportedly untimely claims violated 28 U.S.C. § 1927.  ECF No. 12.

## II. Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "To bring a civil action under Title VII, the plaintiff must file the complaint within 90 days" of receipt of a right-to-sue letter.  *Nkengfack v. American Ass'n of Retired Persons*, 818

---

[1] Although Smith worked at one of Ulta Beauty's locations in the District of Columbia, his charge of discrimination listed an Illinois address for the company.  ECF No. 12-2 at 3.  The EEOC cross-filed Smith's charge with the Illinois Department of Human Rights in February 2018; there is no indication that it ever cross-filed a charge with the District of Columbia Office of Human Rights (DCOHR).  *Id.* at 2.

[2] Smith retained counsel at least by December 3, 2018, about a month after he filed his complaint and before Ulta Beauty filed its first motion to dismiss.  *See* ECF No. 2.

F. Supp. 2d 178, 180 (D.D.C. 2011). "This 90-day, non-jurisdictional time limit functions like a statute of limitations" and may be raised as an affirmative defense in a motion to dismiss. *Id.*; *see Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577 (D.C. Cir. 1998). A claim under the DCHRA must be brought within one year of the unlawful discriminatory act, but "the timely filing of a complaint with [the DCOHR] . . . shall toll the running of the statute of limitations while the complaint is [administratively] pending." D.C. Code § 2-1403.16(a).

Under 28 U.S.C. § 1927, a party may recover costs, expenses, and attorneys' fees incurred as a result of the other party's "unreasonab[e] and vexatious[]" multiplication of the proceedings.

### III. Analysis

#### A. Timeliness of Smith's Title VII Claims

"Where a plaintiff fails to plead the date that he received the right-to-sue letter, the court 'must fix a presumptive date of receipt for purposes of determining whether Plaintiff complied with the ninety day filing requirement.'" *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011) (quoting *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995)). Without contrary evidence, courts generally assume that the EEOC mailed the right-to-sue letter on the same day it issued it, and that the plaintiff received it either three or five days later. *Id.* Receipt within three days is usually presumed, based on Rule 6(d) of the Federal Rules of Civil Procedure. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam) (applying former Federal Rule of Civil Procedure 6(e) to calculate that a right-to-sue letter was received three days after it was sent); *Smith-Haynie*, 155 F.3d at 578 n.3; *Mack v. WP Co.*, 923 F. Supp. 2d 294, 299 (D.D.C. 2013); *see also* Fed. R. Civ. P. 6(d) (extending certain deadlines by three days if service is made by mail). That said, some courts have "have employed a more

3

generous five-day presumption instead where particular circumstances made that presumption more reasonable." *Mack*, 923 F. Supp. 2d at 299.

Here, although the amended complaint alleges that Smith sued within the 90-day period, Smith filed his complaint 95 days after the EEOC mailed him the right-to-sue letter. *See* Am. Compl. ¶ 5; ECF No. 1 (showing filing date of November 2, 2018); ECF No. 12-3 at 2 (showing mailing date of July 30, 2018). As a result, the timeliness of the complaint hinges on whether the Court applies the three- or five-day presumption.

The Court sees no reason not to apply the typical presumption that Smith received the right-to-sue letter three days after it was sent. The three-day rule is grounded in the Federal Rules of Civil Procedure, and both the Supreme Court and D.C. Circuit have blessed it. *See Baldwin Cty. Welcome Ctr*, 466 U.S. at 148 n.1; *Smith-Haynie*, 155 F.3d at 578 n.3; *Mack*, 923 F. Supp. 2d at 299; *see also* Fed. R. Civ. P. 6(d). Even assuming a five-day presumption is sometimes appropriate, there are no "particular circumstances" that make that presumption more reasonable here. *Mack*, 923 F. Supp. 2d at 299. For example, the certificate of mailing accompanying the right-to-sue letter did not specify "the presumptive date of receipt as five days after the decision was mailed."[3] *Ruiz*, 763 F. Supp. 2d at 171; *accord Washington v. White*, 231 F. Supp. 2d 71, 75 (D.D.C. 2002). Mindful of the fact that "[t]he Supreme Court has cautioned that congressionally mandated time requirements 'for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants,'" *Smith v. Dalton*, 971

---

[3] The Court is aware of only one case in this District that applied a five-day presumption without such a statement from the EEOC: *Nkengfack*, 818 F. Supp. 2d at 181, in which the plaintiff was proceeding *pro se* and *in forma pauperis*. Although Smith was *pro se* when he filed his complaint, he was not proceeding *in forma pauperis*, and he was represented by counsel both during the administrative process and after he filed his complaint. *See* ECF No. 12-2 at 2; ECF No. 2. Regardless, the Court does not view Smith's situation as presenting "particular circumstances" warranting a five-day presumption.

F. Supp. 1, 3 (D.D.C. 1997) (quoting *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 152), the Court will apply the typical presumption that Smith received the right-to-sue letter three days after the EEOC mailed it.

Smith is thus presumed to have received his right-to-sue letter on August 2, 2018. Because he did not file his complaint until November 2, 2018—92 days later—his Title VII claims are untimely and must be dismissed. 42 U.S.C. § 2000e-5(f)(1).

B. **Timeliness of Smith's DCHRA Claims**

Ulta Beauty also argues that Smith's DCHRA claims, first asserted in his amended complaint, are time-barred. For these claims to be timely, it is necessary (although not sufficient) that they relate back to his initial complaint. Thus, the Court begins its analysis with that issue. The Court holds that because Smith's initial complaint was itself untimely, his DCHRA claims asserted in his amended complaint cannot relate back to it, and so those claims are untimely as well.

Federal Rule of Civil Procedure 15(c) provides that in some cases, an "amendment to a pleading relates back to the date of the original pleading." And under "the relation back doctrine . . . the amended pleading is treated as if it were filed on the date of the original pleading." *Miller v. Holzmann*, No. 95-1231 (RCL), 2007 WL 710132, at *4 (D.D.C. Mar. 6, 2007). Rule 15(c) is silent, however, about whether an amended complaint can relate back to an original pleading which was *untimely* as to the claims alleged in it.

The weight of the case law, however, suggests that an amended complaint cannot relate back to an untimely original pleading. The only judge to have considered the issue in this District concluded—although with little analysis—that "an amended complaint may not relate back to an untimely original complaint." *United States ex rel. Miller v. Bill Harbert Int'l Constr.*, 505 F. Supp. 2d 1, 20 n.32 (D.D.C. 2007) (Lamberth, J.); *Miller v. Holzmann*, 2007 WL

5

710132, at *6 n.13 (Lamberth, J.). And although the D.C. Circuit has not addressed the issue directly, it appears to have assumed that it cannot, by noting that in "limited circumstances, Rule 15(c) saves an otherwise untimely amendment by deeming it to 'relate back' to the *timely-filed* claims the plaintiff alleged in the original complaint." *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009) (emphasis added)).

Three Circuits have weighed in on the question, and two of them held that an amended complaint cannot relate back to an untimely original pleading. The Seventh Circuit concluded that "in order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed. 'An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations.'" *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (quoting 51 Am. Jur. 2d Limitation of Actions § 263 (2000)). The court reasoned that the "prior complaint, having been itself filed after the expiration of the one-year statute of limitations for the claims which it contained, was a nullity. That complaint cannot then act as a life-line for a later complaint, filed after the two-year statute of limitations for the claims which it contained." *Id.* at 932. The Sixth Circuit followed suit, holding that "a plaintiff may not save one untimely claim by tacking it onto an untimely initial complaint." *Boggs v. 3M Co.*, 527 F. App'x 415, 418 (6th Cir. 2013).[4] And the clear majority of district courts not bound by circuit precedent have held that an untimely claim in an amended complaint cannot relate back to an untimely initial complaint. *See, e.g., Norman v. Massey Enters.*, No. 1:17 CV 194 SNLJ, 2019 WL 2357360, at *2 (E.D. Mo. June 4,

---

[4] The outlier among the Circuits appears to be the Fifth, which has permitted amended complaints to relate back to untimely initial complaints, so long as the facts necessary to support the claim in the amended complaint were pleaded in the original complaint. *See Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377, 1379, 1380 (5th Cir. 1987).

6

2019); *Massenburg v. United States*, No. 5:07-CR-194-F-1, 2016 WL 3647781, at *5 (E.D.N.C. Jun. 14, 2016); *Clink v. Oregon Health and Sci. Univ.*, 9 F. Supp. 3d 1162, 1166 (D. Or. 2014); *Washington v. Potter*, No. 1:09-CV-1774-JOF-RGV, 2010 WL 2635647, at *4 (N.D. Ga. Apr. 16, 2010) ("[P]laintiff's original complaint was untimely, and there is effectively nothing for the Title VII claim, pled in the amended complaint, to relate back to.") (internal quotation marks and citation omitted); *Shultz v. Ottawa Cty. Sherriff's Dep't*, No. 07-CV-570-GKF-PJC, 2008 WL 2510124, at *6 (N.D. Okla. June 19, 2008); *Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1240–41 (S.D. Cal. 1998) ("It strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint. Stated otherwise, it simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint.").

This Court agrees with the reasoning of those courts that have found that an initial complaint must have been timely to allow for the possibility of relation back. An untimely initial complaint is a legal nullity for these purposes, and so it cannot give effect to a later filed amendment. *Henderson*, 253 F.3d at 932. Put another way, when the claims in an initial complaint are untimely, there is nothing to which the later-filed complaint can relate back.

The last allegedly discriminatory act by Ulta Beauty occurred on June 15, 2017, when Smith's supervisor terminated him. Am. Compl. ¶ 39.[5] Smith filed his charge of discrimination with the EEOC 189 days later, on December 21, 2017.[6] ECF No. 12-2 at 3. The EEOC issued Smith's right-to-sue letter on July 30, 2018, and he filed his amended complaint 219 days later,

---

[5] The date listed in the complaint is June 15, 2018, but this was apparently a typographical error. *See* ECF No. 15 at 6 ("Plaintiff was terminated on June 15, 2017.").

[6] Smith's charge of discrimination is dated December 12, 2017, but is stamped by the EEOC field office as received on December 21, 2017. The Court's conclusion is the same no matter which is considered its filing date.

on March 6, 2019. ECF No. 12-3 at 2; ECF No. 10. Even accepting Smith's argument that a filing with the EEOC—as opposed to the DCOHR—can trigger the tolling provision of D.C. Code § 2-1403.16 (which is far from clear), 408 non-tolled days passed between the last discriminatory act and the filing of the amended complaint. Because that period exceeds the one-year statute of limitations, Smith's DCHRA claims are also time-barred.

### C. Sanctions

Ulta Beauty has also moved for sanctions under 28 U.S.C. § 1927, arguing that Smith's counsel inappropriately multiplied the proceedings by filing his amended complaint after Ulta Beauty had already moved to dismiss his Title VII claims as time-barred and counsel had corresponded about the issue. *See* ECF No. 12-1 at 9–10; ECF No. 9 (first motion to dismiss); ECF Nos. 12-4, 12-5 (attorney correspondence). But "attorney behavior must be *at least* 'reckless,'" if not in bad faith, to be sanctionable under § 1927. *United States v. Wallace*, 964 F.2d 1214, 1217, 1218 (D.C. Cir. 1992). Here, Smith had good-faith arguments that neither his Title VII claims nor his DCHRA claims were time-barred. No sanctions against counsel are warranted.

## IV. Conclusion

For all these reasons, Ulta Beauty's Motion to Dismiss and for Sanctions, ECF No. 12, will be granted in part and denied in part. The Court will dismiss Smith's amended complaint

with prejudice.[7]  But it declines to impose sanctions.  A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: March 24, 2020

---

[7] The Court will dismiss the amended complaint with prejudice because all claims are being dismissed on statute of limitations grounds, and so "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Gray v. Staley*, 310 F.R.D. 32, 39 (D.D.C. 2017).